## Anderson v. Anderson.

Nov. 14, 1939.

Huggins & Hogan and Robert E. Hogan for appellant.

William S. Heidenberg for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Appellant brought this action for divorce on the grounds of cruel and inhuman treatment and for alimony. In addition to a traverse of the allegations of the petition, appellee made his answer a counterclaim for divorce on the grounds of abandonment for one year and cruel and inhuman treatment. The commissioner to whom the action was referred, and before whom the evidence was taken, filed a report setting forth the substance of the evidence offered by the respective parties and recommended that the petition be dismissed but that appellant have judgment for her costs including a fee of $100 for her attorneys; that appellee be granted a divorce on the ground of abandonment for one year.

Appellant filed exceptions to the commissioner's report, and an order was entered overruling the exceptions and confirming the report, and as shown by supplemental record, judgment in accord with the report was entered. Plaintiff is appealing.

As grounds for reversal it is argued that appellant was entitled to a divorce and alimony and that the court erred in not so adjudging.

On first consideration of the appeal and for reasons unnecessary to enumerate an opinion was rendered dismissing the appeal; however, it was said in that opinion that an examination of the record revealed that the report of the commissioner which was approved by the court was amply sustained by the evidence. Later a motion to set aside the order dismissing the appeal and to withdraw the opinion was sustained and the appeal considered on its merits.

The parties were married in December, 1930, and separated in May, 1935. Appellant testified in substance that her husband was possessed of a violent temper and given to the habit of nagging, cursing, and abusing her all the time and that he virtually drove her from home; that she was in poor health and that he was niggardly, miserly and did not make provisions for her comfort and support; that because she was not sufficiently provided with food or money she was often forced to go to her mother's home for meals.

She called as witnesses, a brother, an aunt, and a woman friend, none of whom corroborated her in respect to her husband mistreating or abusing her, but on the contrary their evidence was to the effect that he treated her kindly in their presence and some of them were often at the home of the parties or with them at other places. The brother testified to two manifestations of temper on the part of appellee, one occurring shortly after their marriage and the other about eight months before the separation, but these incidents standing alone were matters of trivial consequence. These witnesses testified that appellant often took meals at her mother's home, and the aunt testified that appellant was cared for by the mother in the latter's home when she had an operation, but her evidence indicates that this was because the husband was financially unable to have her cared for elsewhere or otherwise.

Appellee testified that he always treated his wife kindly and that he did not curse or abuse her; that he provided ample food and clothing and made such provision for her comfort and support as his financial circumstances would warrant and there is some corroborating evidence; that his wife left him of her own volition and without any cause or provocation on his part and immediately caused his arrest under a peace warrant, which, on hearing, was dismissed.

Other witnesses testified that appellee was apparently devoted to appellant and always treated her with kindness and consideration in their presence. The evidence shows that at the time of their marriage or shortly after appellee owned and conducted a shoe store, but financial difficulties encountered during the depression forced him to give up the business and accept such employment as he could find; that when not engaged in his business or employment he spent practically all of spare time at home and very seldom went out at night. He testified that his wife had meals at her mother's home as a matter of choice, and that since they were first married they had Sunday dinner with appellant's mother, but that he helped provide the meals.

Without going into further detail concerning the evidence, it is sufficient to say that on reconsideration of the record we adhere to the conclusion expressed in the opinion dismissing the appeal that the commissioner's report was amply supported by evidence tending to indi-

cate that without like or any fault on the part of her husband, appellant abandoned him. Therefore the judgment which is in accord with the commissioner's report should not be disturbed.

Judgment affirmed.